UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RICHARD ALLEN STEWART
And
LINDSEY N. BASCOM,

Plaintiffs,

v.   Civil Action No. 3:14CV237

QUADROS & ASSOCIATES, P.C.,

Serve: Robert P. Quadros, Registered Agent
2715 Huntington Avenue.
Newport News, Virginia 23607

Defendant.



## COMPLAINT

### I. *INTRODUCTION*

1. This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibits a debt collector from engaging in abusive, deceptive, and unfair practices.

### II. *JURISDICTION AND VENUE*

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337. Pursuant to 28 U.S.C. §1391 venue in this District is proper in that the Defendant may transact business here, a substantial part of the events giving rise to the claim had their effects here, the plaintiffs live and work here, the damages they suffered were

1

primarily incurred here, the plaintiffs' witnesses are from here, and the plaintiffs choose to bring this action here.

### III. PARTIES

3. Plaintiff, Richard Allen Stewart (Mr. Stewart), is a natural person residing in Richmond, Virginia.

4. Plaintiff, Lindsey N. Bascom (Ms. Bascom), the wife of Richard A. Stewart, is a natural person residing in Richmond, Virginia.

5. Defendant Quadros & Associates, P.C., (hereinafter "Quadros") is a corporation engaged in the business of collecting debts in this state with its principal place of business located in Newport News, Virginia. Quadros regularly attempts to collect debts alleged to be due another.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about December 16, 2003 Mr. Stewart purchased and financed a new 2004 Ford F-150 pickup truck from Hall Ford. He financed it with an installment sales contract ("the Note") for $21,750.56 with 1st Advantage Federal Credit Union ("the Credit Union"), with an interest rate of 7.99%, when he was a soldier with the United States Marines. This Note provides had a security interest in it providing that if Mr. Stewart defaulted it could repossess the vehicle. **Exhibit A.**

8. Due to financial hardship, plaintiff was unable to make any further payments required by the Note and on April 22, 2005 he turned the vehicle in to the

2

Credit Union as a voluntary repossession. **Exhibit B**. Thereafter the truck was resold by the Credit Union for $13,000.00 and the deficiency balance of $5,626.65 was established. **Exhibit C**.

9. The statute of limitations that governs the Note in this case requires legal action for any breach of the Note to be filed within four years of the breach. Virginia Code §8.2-724.

10. Pursuant to Virginia Code §8.2-724 any lawsuit based on the breach of the Note against Mr. Stewart had to be filed within four years of his breach and thus had to be filed on or before the end of September 24, 2009.

11. After the expiration of the statute of limitations for breach of the Note, on July 3, 2013 the Defendant, the debt collector and attorney for the Credit Union, filed a warrant in debt ("the lawsuit") on this time barred debt against the plaintiff, using an old, outdated Newport News, Virginia address for him, in the Newport News General District Court. The warrant in debt alleged a "deficiency balance", costs, legal fees, and interest in the amount of 7.99% beginning September 24, 2005. **Exhibit D.**

12. Posted service was allegedly obtained on Mr. Stewart at this Newport News address, even though the Plaintiff had not lived there for years, and worked and lived in Richmond, Virginia.

13. Plaintiff was unaware of the lawsuit, thus did not appear at the August 5, 2013 return date, and a default judgment was entered against him on that date for $5,626.65, plus 7.99% interest from September 24, 2005, plus $58.00 in costs, and $1,406.66 in attorney's fees. See Abstract of Judgment - **Exhibit E.**

14. Thereafter, on October 10, 2013 Defendant filed a Suggestion for Summons in Garnishment in the Newport News General District Court for a "total balance due" of $10, 850.62. **Exhibit F.**

15. This Garnishment Summons was served on Mr. Stewart and Ms. Bascoms' bank, Suntrust Bank, ordering the seizure of "the total balance due" ($10,850.92) from any and all accounts of Mr. Stewart.

16. The only bank account Mr. Stewart had was his Suntrust joint checking account ("the account") with his wife, Ms. Bascom, in which they put their wages and other money in order to live and care for themselves and their child, age two.

17. At that time there was about $1,200.00 in the account, all of which was seized by the bank in response to the garnishment summons.

18. Mr. Stewart and Ms. Bascom were unaware of the seizure of the funds in the account until October 29, 2013 when Mr. Stewart tried to use his Suntrust Bank credit card. At that time it was declined. This was very embarrassing. He called Suntrust Bank and learned all his family's money had been seized or frozen, that there was a lien on his account for about $10,000.00, and that this was due to a garnishment filed by the Defendant and served on the bank.

19. The plaintiffs were in a panic when they learned of the seizure since they had no other funds to pay for the critical debts such as their mortgage payments, car loan payment, utilities, food, gas, or any other "necessaries" they would need for themselves and their child.

20. On October 29, 2013, the same day he learned about the garnishment, Mr. Stewart tried to call the defendant's office on three occasions, but each time was informed that they could not talk to him about the garnishment since firm policy was that if a call is about a judgment the only person that can discuss the matter is a lawyer with this firm, and to leave a message. He did so but no one returned his calls. He tried to call again on October 30, 2013, but still received no response. The plaintiffs were distraught.

21. On or about November 4, 2013 Mr. Stewart contacted a lawyer about the situation and also learned that the garnishment return date was not until November 26, 2013. The plaintiffs did not know how they would make it without any money until this matter could be resolved since the mortgage and car payments were due at that time. Mr. Stewart was forced to contact his mother and grandfather and tell them about the judgment and garnishment. They were able to borrow about $1,500.00 from them to help with some of their bills and eventually made late payments on the mortgage and car loans.

22. In response to learning of the judgment and garnishment, Mr. Stewart retained legal counsel to get assistance in filing a Motion to Vacate the judgment, get his family's money back, and to defend him at any trial of the deficiency action. This cost him $2,500.00.

23. On November 14, 2013 the Newport News General District Court issued a

Summons to Party to a Joint Account to Ms. Bascom to appear at the November 26, 2013 garnishment hearing to explain what part of the funds seized from the account were hers.

24. On or about November 18, 2013 plaintiffs' attorney filed the plaintiffs' Motion to Vacate on the grounds of lack of service of process. On November 26, 2013 plaintiffs were able to prove to the Newport News General District Court that all the money the bank seized was from Ms. Bascom's wages, and most of it, except for $47.00, was returned at that time. The $100 bank processing fee the bank charged them was also not returned.

25. On December 10, 2013 a hearing on the Motion to Vacate was scheduled at which time Mr. Stewart and his attorney appeared, but just prior to the hearing, upon learning that the service of process obtained against Mr. Stewart for the trial on August 5, 2013 was defective, the defendant agreed to plaintiff's motion. The court advised it would enter an order vacating the judgment and a new trial date of February 6, 2014 was scheduled for the deficiency action.

26. On December 18, 2013 counsel for plaintiffs received a copy of the defendant's letter to the court requesting a voluntary nonsuit against Mr. Stewart. According to the defendant, its client had instructed it to nonsuit the matter; however, at the time of the filing of this Complaint, the matter is still listed on the Court's docket for trial on February 6, 2014.

27. Defendant's conduct in trying to collect the debt for the deficiency on the Note violated the FDCPA since it is unfair to file a time-barred collection lawsuit against a consumer and since such a lawsuit is not authorized by agreement or law. 15 U.S.C. §1692f(1).

28. As a result of the acts alleged above, plaintiffs have suffered actual damages including legal fees, costs, embarrassment in front of Mr. Stewart's mother and grandfather and other family members, embarrassment in front of Mr. Stewart's employer who learned of this matter when Mr. Stewart had to explain his need for time off to take care of this situation, and other people who found out about his inability to pay the loan, the judgment and that he was being garnished. There was also the damage to their credit reputation and late charges for their mortgage and car payments. The plaintiffs suffered distress and anxiety during this period worrying about taking care of the family with no bank account, how they could pay bills with no bank account and no credit card to give their creditors. They incurred actual damages for various things such as a loan from family members, late fees and interest on bills, cost of copies of court documents, cost for prepaid credit cards, garnishment fee from bank, money order fees, phone bill payment fees, online credit report statements, vacation time used to go to court in Newport News, VA to retrieve documents and when summonsed to court, lost wages for time off from work to take care of many of the matters that came up during this

period, legal fees, plus the continuing distress caused since the defendant, rather than dismissing this time barred debt with prejudice, nonsuited it, and thus can refile this matter at any time and start the process all over again.

29. Within the one year preceding the filing of this Complaint the defendant violated the FDCPA in multiple ways, including but not limited to:

a) Unconscionably filing a time-barred collection lawsuit against a consumer when such a lawsuit is not authorized by agreement or law. 15 U.S.C §1692f (1); and

b) Deceptively or falsely representing the legal status of any debt. 15 U.S.C §1692e (2) (a).

30. As a result of the acts alleged above, in addition to the legal fees and costs, the plaintiffs have been embarrassed, have been anxious regarding financial stresses, all of which has caused them loss of sleep, loss of appetite, and consequently they have suffered actual damages from emotional distress.

## V. CLAIM FOR RELIEF

31. Plaintiffs repeat, reallege, and incorporate by reference the preceding paragraphs.

32. Defendant violated the FDCPA as noted above.

33. As a result of the above violations of the FDCPA, defendant is liable to the plaintiffs for their actual damages, statutory damages, costs and attorney fees.

WHEREFORE, the plaintiffs respectfully pray that judgment be entered against the defendant for the following:

A. Actual damages.

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

D. For such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Respectfully submitted,

**RICHARD ALLEN STEWART**
**And**
**LINDSEY N. BASCOM,**

By _____
Counsel for Plaintiff

John Cole Gayle, Jr.
VSB No. 018833
The Consumer Law Group, P.C.
5905 West Broad Street, Suite 303
Richmond, Virginia 23230
(804) 282-7900
(804) 673-0317 fax
jgayle@theconsumerlawgroup.com

Counsel for Plaintiffs