**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

**RICHARD ALLEN STEWART and**
**LINDSEY N. BASCOM,**

      **Plaintiffs,**

      v.                                        Civil Action No. 3:14cv237 (JAG)

**QUADROS & ASSOCIATES, P.C.,**

      **Defendant.**

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant Quadros & Associates, P.C. ("Defendant"), by counsel, submits this Answer to Plaintiffs Richard Allen Stewart and Lindsey N. Bascom's ("Plaintiffs") Complaint ("Complaint") (ECF No. 1).

### I.   INTRODUCTION

1.    Defendant admits the allegations set forth in paragraph 1 of the Complaint that this action purports to be brought as an individual action for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. Any remaining allegations are denied.

### II.   JURISDICTION AND VENUE

2.    The allegations set forth in paragraph 2 of the Complaint are legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent any facts are alleged, they are denied.

### III.   PARTIES

3.    Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 3 of the Complaint, and therefore must deny the same.

4. Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 4 of the Complaint, and therefore must deny the same.

5. Defendant admits that allegation set forth in paragraph 5 of the Complaint that it is a Virginia Professional Corporation with its principal place of business in Newport News, Virginia. The remaining allegations set forth in paragraph 5 of the Complaint are denied.

6. The allegations set forth in paragraph 6 of the Complaint are legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied.

## IV. FACTUAL ALLEGATIONS

7. The allegations set forth in paragraph 7 of the Complaint refer to documents, which speak for themselves. To the extent the allegations vary from those documents, they are denied.

8. The allegations set forth in paragraph 8 of the Complaint refer to documents, which speak for themselves. To the extent the allegations vary from those documents, they are denied.

9. The allegations set forth in paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied.

10. The allegations set forth in paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied.

11. The allegations set forth in paragraph 11 of the Complaint are legal conclusions and/or refer to documents; therefore, no response is required. To the extent the allegations are contrary to law and/or vary from those documents, they are denied.

12. The allegations set forth in paragraph 12 of the Complaint are legal conclusions and/or refer to documents; therefore, no response is required. To the extent the allegations are

contrary to law and/or vary from those documents, they are denied.  Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 12 of the Complaint that Plaintiff had not lived in Newport News for years and that he worked and lived in Richmond, and therefore must deny the same.

   13. Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 13 of the Complaint that Plaintiff was unaware of the lawsuit, and therefore must deny the same.  The remaining allegations set forth in paragraph 13 of the Complaint refer to public records, which speak for themselves, therefore no response is required.  To the extent the allegations vary from those records, the allegations are denied.

   14. The allegations set forth in paragraph 14 of the Complaint refer to public records, which speak for themselves, therefore no response is required.  To the extent the allegations vary from those records, the allegations are denied.

   15. The allegations set forth in paragraph 15 of the Complaint refer to documents, which speak for themselves, therefore no response is required.  To the extent the allegations vary from those documents, the allegations are denied.

   16. Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 16 of the Complaint, and therefore must deny the same.

   17. Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 17 of the Complaint, and therefore must deny the same.

   18. Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 18 of the Complaint, and therefore must deny the same.

   19. Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 19 of the Complaint, and therefore must deny the same.

20. Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 20 of the Complaint, and therefore must deny the same.

21. Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 21 of the Complaint, and therefore must deny the same.

22. Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 22 of the Complaint, and therefore must deny the same.

23. The allegations set forth in paragraph 23 of the Complaint refer to documents, which speak for themselves, therefore no response is required. To the extent the allegations vary from those documents, the allegations are denied.

24. The allegations set forth in paragraph 24 of the Complaint refer to public records, which speak for themselves, therefore no response is required. To the extent the allegations vary from those records, the allegations are denied.

25. The allegations set forth in paragraph 25 of the Complaint refer to documents and public records, which speak for themselves, therefore no response is required. To the extent the allegations vary from those documents, the allegations are denied.

26. The allegations set forth in paragraph 26 of the Complaint refer to documents, which speak for themselves, therefore no response is required. To the extent the allegations vary from those documents, the allegations are denied. According to the General District Court Online Case Information System database, the case has been non-suited.

27. The allegations set forth in paragraph 27 of the Complaint are denied.

28. The allegations set forth in paragraph 28 of the Complaint are denied.

29. The allegations set forth in paragraph 29 of the Complaint, including subparagraphs (a) and (b), are denied.

30. The allegations set forth in paragraph 30 of the Complaint are denied.

## V. CLAIM FOR RELIEF

31. Defendant incorporates and restates its response to the allegations in the preceding paragraphs as if fully set forth herein.

32. The allegations set forth in paragraph 32 of the Complaint are denied.

33. The allegations set forth in paragraph 33 of the Complaint are denied.

34. Defendant denies that Plaintiffs are entitled to any of the relief sought in the "WHEREFORE" section of the Complaint, immediately following paragraph 33 of the Complaint, including the relief set forth in subparagraphs (A) through (D).

35. Defendant denies that Plaintiffs are entitled to any relief and denies that it is liable to Plaintiffs in any amount whatsoever under any theory of liability whatsoever.

36. Defendant denies each and every allegation not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

1. Defendant avers that all of the claims in the Complaint fail to state a plausible claim against Defendant upon which relief may be granted and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009).

2. At all times relevant, Defendant acted neither negligently nor willfully within the meaning of the FDCPA, 15 U.S.C. §1692 *et seq.,* and it acted reasonably and in good faith and without any malice or intent to injure Plaintiffs or to violate applicable federal and/or state law.

3. Plaintiffs' claims are moot.

4. Plaintiffs' claims are barred because the debt was not time-barred.

5. Plaintiffs' claims are barred because Defendant did not deceptively or falsely represent the debt.

6. Plaintiffs' claims are barred because it is not unconscionable to collect on a time-barred debt.

7. Plaintiff Lindsey N. Bascom's claims are barred because she is not a consumer.

8. Plaintiffs' claims are barred to the extent that Defendant has substantially complied with the requirements of the FDCPA.

9. Plaintiffs' claims are barred by the bona fide error defense pursuant to the FDCPA, 15 U.S.C. § 1692, *et seq*.

10. Defendant avers that some or all of the claims made in the Complaint are barred because Plaintiffs lack standing.

11. Defendant acted reasonably and prudently under the circumstances.

12. Plaintiffs' claims may be barred in whole or in part by the applicable statute(s) of limitation and/or the doctrine of laches.

13. Plaintiffs' claims may be barred, in whole or in part, by the principles of *res judicata*, collateral estoppel, judicial estoppel, and/or the failure to assert such claims as compulsory counterclaims in prior litigation.

14. Defendant reserves the right to amend its Answer to add such additional defenses as may appear appropriate after investigation and discovery are complete.

WHEREFORE, Defendant Quadros & Associates, P.C., having fully responded to Plaintiffs' Complaint, respectfully requests:

    (a) that the Court enter judgment in favor of Defendant and against Plaintiffs on the claims in Plaintiffs' Complaint, deny all relief sought by Plaintiffs, and dismiss Plaintiffs' Complaint with prejudice;

  (b)  that the Court award Defendant its costs, including reasonable attorneys' fees, incurred in connection with this action; and

  (c)  that the Court award Defendant such other and further legal or equitable relief as the Court deems appropriate.

                QUADROS & ASSOCIATES, P.C.

                By: /s/ John C. Lynch

John C. Lynch (VSB No. 39267)
Daniel T. Berger (VSB No. 81861)
Counsel for Defendant Quadros & Associates, P.C.
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: daniel.berger@troutmansanders.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

**RICHARD ALLEN STEWART and**
**LINDSEY N. BASCOM,**

    **Plaintiffs,**

  v.                          Civil Action No. 3:14cv237 (JAG)

**QUADROS & ASSOCIATES, P.C.,**

    **Defendant.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**Counsel for Plaintiffs**
John Cole Gayle, Jr.
The Consumer Law Group
5905 West Broad Street, Suite 303
Richmond, VA 23230
E-mail: jgayle@theconsumerlawgroup.com

                                      /s/ John C. Lynch
                                      John C. Lynch (VSB No. 39267)
                                      Daniel T. Berger (VSB No. 81861)
                                      Counsel for Defendant Quadros &
                                      Associates, P.C.
                                      TROUTMAN SANDERS LLP
                                      222 Central Park Avenue, Suite 2000
                                      Virginia Beach, Virginia 23462
                                      Telephone: (757) 687-7765
                                      Facsimile: (757) 687-1504
                                      E-mail: john.lynch@troutmansanders.com
                                      E-mail: daniel.berger@troutmansanders.com

22048774v1